NO. 12-04-00335-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


KENNETH EUBANKS,                                     §     APPEAL FROM THE THIRD
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     ANDERSON COUNTY, TEXAS





MEMORANDUM OPINION
            Kenneth Ray Eubanks, pro se, appeals the denial of his postconviction motion for DNA
testing. Appellant urges in a single issue that the trial court erred by denying his motion. We affirm.

Background
            Appellant and his codefendant, Steven Ritchey, were arrested for kidnapping and sexual
assault. A rape kit was done on the victim. One foreign hair was collected from the victim and
placed in the rape kit. At the initial trial setting on November 21, 1989, the district attorney
requested a continuance for DNA testing. The court granted the motion, and both Appellant and
Ritchey volunteered blood and hair samples for DNA testing. The Department of Public Safety
(DPS) forensic lab in Garland determined that it could not test the DNA biological material
contained in a single hair. Appellant was excluded by a visual comparison of hair color on
December 18, 1989. The DPS lab determined that the foreign hair and Ritchey’s hair were “similar”
in coloring, but would make no conclusions without further testing. 
            The samples were delivered to Fred Zain


 at the Bexar County Medical Examiner’s Office
in San Antonio on January 16, 1990. Zain reported that Appellant’s and Ritchey’s hair had been
compared to the foreign hair. He also reported that Appellant’s hair did not match the foreign hair,
but that Ritchey’s hair and the foreign hair were consistent. Zain therefore concluded that the foreign
hair might be Ritchey’s. Zain’s report, and not the rape kit itself containing the foreign hair, was
admitted into evidence at Appellant’s trial. 
            The State tried Appellant for aggravated kidnapping only. Applying the law of parties, the
jury convicted Appellant of aggravated kidnapping on February 12, 1990 and sentenced him to
twenty years of imprisonment. 
            On September 6, 2002, Appellant petitioned the trial court for forensic DNA testing pursuant
to article 64.01 of the Texas Code of Criminal Procedure.


 The State, in its response to Appellant’s
motion, stated that Assistant District Attorney David E. Cervantes reviewed the State’s file and
found no DNA evidence. Cervantes contacted an investigator from the case, Palestine Police
Department Captain Charles Lanier. However, Lanier did not have any DNA evidence in his
custody. Lanier contacted Kalinda Franklin of the Anderson County Sheriff’s Department and the
DPS forensic laboratory in Garland. Neither the sheriff’s department nor the DPS lab had any DNA
evidence pertaining to the case. Further, a representative from the DPS lab said that evidence
collected from cases as old as this case was not kept. 
            Appellant responded to the State’s response. He clarified for the court that he was originally
charged with both sexual assault and aggravated kidnapping. Two years after a jury convicted him
for aggravated kidnapping, the State dropped the sexual assault charges against Appellant. However,
a written report detailing the results from the rape kit was admitted into evidence at his trial for
kidnapping. 
            The trial court held a hearing on this matter on August 23, 2004. The court denied
Appellant’s request for DNA testing. In its order, the court found that 
1.The evidence sought by defendant to be subjected to DNA testing does not exist;
 
2.The evidence has not been subject to a chain of custody sufficient to establish that
it has not been substituted, tampered with, and replaced, or altered in any material
respect; and
 
3.Identity was an issue in the case.
 
The court declined to determine whether Appellant established by a preponderance of the evidence
that he would not have been convicted if exculpatory results had been obtained through DNA testing. 
This appeal followed.
Denial of Postconviction Motion for DNA Testing
            Appellant urges in a single issue that the trial court erred by denying his postconviction
motion for DNA testing. Through the law of parties, Appellant was linked to codefendant Ritchey. 
Although Appellant’s DNA sample did not match the one foreign hair found on the victim, the DNA
testing at that time could not exclude Ritchey from being the perpetrator. Since the victim testified
that Appellant and codefendant Ritchey committed the crimes of aggravated kidnapping and sexual
assault together, Appellant urges that today’s advanced DNA testing would exclude Ritchey from
being a match for the foreign hair found. Consequently, such testing would also prove that Appellant
would not have been convicted of the offense charged.  
Standard of Review
            In reviewing the trial court’s decision on a motion for postconviction DNA testing, we apply
a bifurcated standard of review. Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We
afford almost total deference to the trial court’s determination of historical fact issues and
application-of-law-to-fact issues that turn on credibility and demeanor, while we review de novo
other application-of-law-to-fact issues. Id.; Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997). However, the ultimate question of whether any exculpatory DNA tests would have proven
innocence is an application-of-law-to-fact question that does not turn on credibility and demeanor
and is therefore reviewed de novo. Rivera, 89 S.W.3d at 59.
Applicable Law and Analysis
            A court may order postconviction forensic DNA testing only if it finds that the evidence
sought to be tested still exists. Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i) (Vernon Supp.
2005). To obtain postconviction DNA testing, an applicant must establish by a preponderance of
the evidence that he would not have been convicted if exculpatory results had been obtained through
DNA testing. See Tex. Code. Crim. Proc. Ann. art. 64.03(a)(2)(A) (Vernon Supp. 2005). A
convicted person meets his burden of a preponderance of the evidence if he shows that there is a 51
per cent chance he would not have been convicted if the DNA results had been available at trial. See
Smith v. State, 165 S.W.3d 361, 363-64 (Tex. Crim. App. 2005). However, by its explicit terms,
Chapter 64 does not require the trial court to grant a request for DNA testing unless the statutory
preconditions are met. Bell v. State, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002).
            Before granting postconviction DNA testing, the trial court must first determine whether a
testable biological material exists in a condition making forensic DNA testing possible and has not
been altered or tampered with in any material respect. Tex. Code Crim. Proc. Ann. art.
64.03(a)(1)(A)(i). At the hearing on the motion, the State said that the material sought to be tested
no longer existed. The State explained that there had been several district attorneys in office since
Appellant’s trial. However, the current district attorney’s office conducted a thorough search for
any biological evidence associated with Appellant’s case, but found none.
            Appellant’s counsel said that he had been given “free rein” at the district attorney’s office
to search the evidence locker. Further, the district clerk’s office searched its files. Neither
Appellant’s counsel nor the district clerk found the rape kit. Likewise, the police department was
unable to find the requested evidence. 
            The State met the mandatory requirements of article 64.02 by explaining to the court why it
cannot deliver the evidence to the court. See Tex. Code Crim. Proc. Ann. art. 64.02(2)(B) (Vernon
Supp. 2005). Appellant presented no evidence contradicting the State's assertion that the material
sought to be tested no longer existed. To the contrary, Appellant’s counsel conceded that the
evidence no longer existed. Thus, Appellant failed to show by a preponderance of the evidence that
he met the requirements of article 64.01. We hold that the trial court did not err in denying
Appellant’s motion for DNA testing. Accordingly, we overrule Appellant’s sole issue.
Disposition
            Having overruled Appellant’s sole issue, we affirm the judgment of the trial court.


                                                                                                     SAM GRIFFITH 
                                                                                                             Justice
Opinion delivered December 30, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.


(DO NOT PUBLISH)